# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Justin John Weible,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>State of Nevada, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-01754-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.　*In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.　Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. The Court dismisses Plaintiff's complaint with leave to amend.

Plaintiff alleges claims for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights; unlawful arrest; excessive force; police brutality; assault; battery; prejudice; legal malpractice; grand larceny; malicious prosecution; negligence; false statements; perjury; and judicial misconduct. Plaintiff names nineteen Defendants: State of Nevada, City of Las Vegas, Las Vegas Metropolitan Police Department ("LVMPD"), Robert Murphy, Matthew Kravitz, J. Barr #15312, Danny Cordero, Alyxa Lamboo, Lucas Marshall, Craig Lancaster Jr., Joseph Bowers, K Folkins P# 15104, Clark County, Henderson Police Department ("HPD"), Henderson Fire Department ("HFD"), University Medical Center ("UMC"), Doe UMC Doctor #1, Doe UMC Doctor #2, and the United States. Plaintiff asserts that the Court has federal question jurisdiction over his claims.

Plaintiff alleges that, on August 10, 2021 he was eating breakfast at a restaurant when an LVMPD officer approached him and asserted that Plaintiff had violated a "non-existent" protective order and destroyed property. Plaintiff got up to pay and leave and noticed that multiple HPD vehicles were surrounding his vehicle. Plaintiff asserts that he became scared and fled the building through the emergency exit. When he did, the alarm sounded and HPD Officers began running at him. Plaintiff took off on foot, running through an intersection while being pursued by an officer with a taser. Plaintiff alleges that "he was eventually stopped" where he was "assaulted and unlawfully arrested by [LVMPD] outside of their jurisdiction in Henderson, NV." Plaintiff asserts that LVMPD and HPD used excessive force without probable cause.

After LVMPD detained Plaintiff and handcuffed him, Plaintiff alleges that LVMPD contacted the HFD, which "proceeded to harm and assault [him]" and transported Plaintiff to UMC. Plaintiff alleges that police offers accompanied him to an "unknown location" with his hands still cuffed where he was strapped to a gurney. Plaintiff asserts that Doe UMC Doctors then drugged him with ketamine and knocked him unconscious.

Plaintiff later woke up at UMC and was transported and booked into the Clark County Detention Center ("CCDC") where he was "unlawfully detained." Plaintiff asserts that he was placed in a holding cell with twenty other inmates. On August 15, 2021, Plaintiff was placed in a quarantine holding cell for three days where he was assaulted by another inmate. Plaintiff alleges that CCDC never reported or charged the inmate with a crime. Plaintiff asserts that he was released on October 25, 2021 when all charges were dismissed.

Plaintiff's complaint does not assert successful claims because he does not provide sufficient facts about *which* Defendants caused *which* harms. Plaintiff broadly alleges that the State of Nevada, City of Las Vegas, LVMPD, Robert Murphy, Matthew Kravitz, J. Barr #15312, Danny Cordero, Alyxa Lamboo, Lucas Marshall, Craig Lancaster Jr., Joseph Bowers, K. Folkins P# 15104, Clark County, and the HPD, "[a]cted [u]nder color of [l]aw 18 U.S.C. 242 due to negligence and by using excessive force, unlawful arrest, assault, battery, perjury, false statements, malicious prosecution, and depriving plaintiff of his life and liberty in violation of the 4th, 5th, 8th and 14th Amendments of the United States Constitution." He also broadly alleges that the HFD, UMC, Doe UMC Doctor 1, and Doe UMC Doctor 2 "[a]cted [u]nder color of [l]aw 18 U.S.C. 242 due to negligence, cruel and unusual punishment, assault, battery and medical malpractice that placed the plaintiff in harm by the Las Vegas Metropolitan Police Department instead of medical attention depriving plaintiff of his life and liberty in violation of the 4th, 5th, 5th [sic], and 14th Amendments of the United States constitution." But Plaintiff does not provide sufficient facts to explain how *each* of these Defendants committed *each* of these harms.

While Plaintiff broadly asserts that LVMPD officers and HPD officers chased him and arrested him, his claims appear to seek to hold LVMPD and HPD liable for employing the officers that harmed Plaintiff. But local government units like LVMPD and HPD may not be held responsible solely because they employ someone who violates a person's rights.[1] *See Bates v. Las Vegas Metropolitan Police Department*, No. 2:22-cv-00957-CDS-EJY, 2022 WL 4367000, at

---

[1] This doctrine—when an employer is held liable for the actions of its employees—is referred to as *respondeat superior*. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

\*2 (D. Nev. Sept. 21, 2022).  Instead, Plaintiff must allege that the alleged constitutional deprivation was the product of a policy or custom of the local government unit.  *See id.*  And Plaintiff's allegations that these local government employees lacked "competency, training, procedures, and customs" are insufficient because they do not allege a "direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016).

  Plaintiff's claims against UMC and its doctors also fail to assert sufficient facts.  Plaintiff simply alleges that "[t]he hospital and medical staff proceeded to use excessive force, assault, torture and inflict cruel and unusual punishment, medical malpractice and negligence by drugging and using syringes against [Plaintiff's] will."  Although Plaintiff asserts that the doctors drugged him against his will, Plaintiff does not provide any other facts that would allow the Court to assess Plaintiff's claims.  He does not allege which Doe Doctor drugged him, how that happened, or facts that support that the doctor administered the drugs against his will.

  Finally, Plaintiff's claims against Clark County fail to allege sufficient facts.  While Plaintiff brings multiple claims against Clark County, as outlined above, the facts he describes appear to allege a claim for deliberate indifference or failure-to-protect in violation of the Fourteenth Amendment.[2]  But Plaintiff does not allege sufficient facts to support that claim, or any of the claims he brings against Clark County.  Specifically, the elements of a deliberate indifference or failure-to-protect claim are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at a substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's

---

[2] Because Plaintiff explains that he was detained in the CCDC following his arrest—and not following conviction and sentencing—his claim does not arise under the Cruel and Unusual Punishment clause of the Eighth Amendment, but under the Due Process Clause of the Fourteenth Amendment.  *See Castro*, 833 F.3d at 1067-68.

conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d 1060, 1071 (9th Cir. 2016).

Without additional factual allegations regarding the underlying events leading to Plaintiff's claims and the various roles each Defendant played in those events, the Court cannot evaluate whether Plaintiff states a claim against any Defendant. This is especially true because Plaintiff is bringing multiple claims against each Defendant, but does not provide facts to support *each* claim. So, it appears that many of the claims Plaintiff brings are not applicable to many of the Defendants. The Court therefore dismisses Plaintiff's complaint without prejudice, meaning that he has leave to amend his complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend.

///

///

///

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 12, 2024** to file an amended complaint to the extent he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: December 14, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE